FILED

2024 Sep-04  AM 09:34
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| **v.** ) | **Case No. 5:23-cr-016-MHH-HNJ** |
| ) | |
| **MICHAEL SHAUN HILL** ) | |

## MEMORANDUM OPINION

The Court held a sentencing hearing in this case on August 22, 2024.  To determine the guideline range for Mr. Hill's case, the Court had to decide several issues.  After determining the guideline range, the Court varied downward.  This opinion explains the Court's rulings.

By way of background, when the Court began a change of plea hearing in this case on May 29, 2024, Mr. Hill indicated that he wished to plead guilty to Counts One, Two, and Four of the indictment, but he expressed concern about the information in his plea agreement concerning the enhanced statutory minimums and maximums for those counts.  (Doc. 41, pp. 2-4).[1]  If the enhancements under 18 U.S.C. §§ 2251(e), 2252A(b)(1), and 2252A(b)(2) do not apply in this case, then the following mandatory minimums and maximums govern:

> Count One - Distribution of Child Pornography (18 U.S.C. § 2252(a)(2)(A)) -- not less than 5 years and no more than 20 years;

---

[1] A transcript of the May 29, 2024 hearing is available upon request.

Count Two - Advertising Child Pornography (18 U.S.C. § 2251(d)(1)(A)) -- not less than 15 years and no more than 25 years;

Count Four - Possession of Child Pornography (18 U.S.C. § 2252(a)(4)) -- not more than 20 years for cases involving victims who are prepubescent or under the age of 12.

(Doc. 41, pp. 2-4, nn. 1, 4, 7; Doc. 59, pp. 2-4, nn. 2, 5, 8). If the statutory enhancements apply, then the following mandatory minimums and maximums govern this case:

Count One - Distribution of Child Pornography (18 U.S.C. § 2252(a)(2)(A)) -- not less than 15 years and no more than 40 years;

Count Two - Advertising Child Pornography (18 U.S.C. § 2251(d)(1)(A)) -- not less than 25 years and no more than 50 years;

Count Four - Possession of Child Pornography (18 U.S.C. § 2252(a)(4)) – not less than 10 years and no more than 20 years.

(Doc. 41, pp. 2-4; Doc. 58, pp. 1-2; Doc. 58, p. 29, ¶ 95).

To address the issue Mr. Hill raised, the Court continued the change of plea hearing and entered an order giving the parties an opportunity to brief the issue. (Doc. 43). Mr. Hill's attorney and the attorney for the United States submitted briefs concerning the applicable statutory mandatory minimums and maximums. (Docs. 45, 46). Before Mr. Hill's change of plea hearing resumed, the United States Probation Office provided a presentence report to the parties and to the

Court.  Per the report, Mr. Hill's guideline term of imprisonment with the statutory enhancements is 1,320 months.  (Doc. 58, p. 30, ¶ 96).[2]

When the change of plea hearing resumed on August 22, 2024, the parties submitted a revised plea agreement that eliminated Mr. Hill's stipulation that his prior state court conviction was "a qualifying conviction which increases the statutory sentencing range . . . ."  (*Compare* Doc. 41, p. 11 *and* Doc. 59, p. 11).  In the revised plea agreement, Mr. Hill also preserved his right appeal "the Court's ruling on whether the defendant's Alabama conviction for sexual misconduct qualifies as a predicate offense under the recidivist enhancement pursuant to 18 U.S.C. §§ 2251(e), 2252A(b)(1), and 2252A(b)(2), but only if the Court finds that the defendant's prior conviction does enhance the statutory imprisonment terms."  (Doc. 59, p. 1, n. 1).  The Court advised Mr. Hill that it would resolve issues affecting sentencing, including applicable mandatory minimum and maximum sentences, during his sentencing hearing if he pleaded guilty.  The Court reviewed the new plea agreement with Mr. Hill and discussed with him the mandatory minimum and maximum sentences that would govern if the Court found that the statutory enhancements applied to his case.  Mr. Hill expressed his understanding and pleaded guilty to Counts One, Two, and Four.  The Court found that Mr. Hill was acting voluntarily and accepted his guilty pleas.  The Court concluded the

---

[2] Mr. Hill's guideline range is life, but life exceeds the statutory maximum for Counts One, Two, and Four.  Therefore, the presentence writer stacked the maximum sentences for the three counts pursuant to USSG § 5G1.2(d).  Doing so produced a guidelines range of 1,320 months.

change of plea hearing and proceeded to Mr. Hill's sentencing hearing.[3]

At the sentencing hearing, the Court first considered the parties' arguments concerning the possible statutory enhancements for possession, advertising, and distribution of child pornography.  For Count Two, a defendant's prior conviction under state law that relates to aggravated sexual abuse, sexual abuse, or abusive sexual contact involving a minor or ward qualifies the defendant for the sentence enhancement in 18 U.S.C. § 2251(e).  For Counts One and Four, a defendant's prior conviction under state law that relates to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward qualifies the defendant for the sentence enhancements in 18 U.S.C. §§ 2252(b)(1) and (b)(2).    Analysis of the underlying state conviction is the same for the three child pornography crimes even though § 2251(e) refers to "abusive sexual contact" and § 2252(b)(2) refers to "abusive sexual conduct."   *United States v. Miller*, 819 F.3d 1314, 1317 (11th Cir. 2016) (stating that the difference between § 2251(e) and § 2252(b)(2) is not material).  The Eleventh Circuit has instructed courts to interpret the phrase "relating to" broadly with respect to crimes involving child exploitation.  *Miller*, 819 F.3d at 1317; *see also United States v. Kushmaul*, 984 F.3d 1359, 1365 (11th Cir. 2021) (same).

Mr. Hill's PSR states that in June 2007, he pleaded guilty to a charge of sexual misconduct, a violation of Alabama Code § 13A-6-65.  (Doc. 58, p. 21, ¶

---

[3] A transcript of the August 22, 2024 hearings is available upon request.

67).  So does his plea agreement.  (Doc. 59, p. 11).  According to the PSR, Mr. Hill initially was charged with enticement of a child to enter a vehicle or a house, a felony offense under Alabama law, but he pleaded guilty to the misdemeanor offense of sexual misconduct.  (Doc. 58, pp. 9, 21, ¶¶ 16, 67).  At the time of Mr. Hill's state conviction, § 13A-6-65 provided:

> (a) A person commits the crime of sexual misconduct if:
>
> (1)     Being a male, he engages in sexual intercourse with a female without her consent, under circumstances other than those covered by [the crimes of first-degree rape] and [statutory/second-degree rape]; or with her consent where consent was obtained by the use of any fraud or artifice; or
>
> (2)     Being a female, she engages in sexual intercourse with a male without his consent; or
>
> (3)     He or she engages in deviate sexual intercourse with another person under circumstances other than those covered by [the crimes of first-degree sodomy] and [statutory/second-degree sodomy]. Consent is no defense to a prosecution under this subdivision.

Alabama Code § 13A-6-65.[4]  Under Alabama Code § 13A-6-70(c), an individual is "deemed incapable of consent" if the individual is less than 16 years old.  Mr. Hill's PSR states that the victim of the crime to which he pleaded guilty was 15 years old.  (Doc. 58, p. 22, ¶ 67).[5]  Thus, Mr. Hill pleaded guilty to non-consensual

---

[4] When considering a prior conviction for purposes of evaluating a possible sentencing enhancement, a court must "consult the law that applied at the time of that conviction." *McNeill v. United States*, 563 U.S. 816, 820 (2011); *see also Kushmaul*, 984 F.3d at 1364 (same).

[5] In its brief in support of application of the sentencing enhancements for Counts One, Two, and Four, the United States argued that the Court could consider *Shepard* documents "to determine the provision under which [Mr. Hill] was convicted, *i.e.*, was his conviction based on a lack of consent or with consent obtained by fraud." (Doc. 46, p. 9).  Using the modified categorical approach, *United*

sexual intercourse or non-consensual deviate sexual intercourse under § 13A-6-65. Ala. Code § 13A-6-65(a)(1) & (a)(3).[6]

Applying the phrase "relating to" broadly and giving the phrases sexual contact and sexual conduct their ordinary meanings, the Court found that non-consensual sexual intercourse and non-consensual deviate sexual intercourse under § 13A-6-65 relate to abusive sexual contact involving a minor under 18 U.S.C. § 2251(e) and abusive sexual conduct involving a minor under 18 U.S.C. §§ 2252(b)(1) and (b)(2). Therefore, the Court applied the enhanced mandatory minimum and maximum sentences for Counts One, Two, and Four.

In his objections to the PSR, Mr. Hill argued that the government had not offered proof that the pornographic images at issue depicted prepubescent minors. (Doc. 52, p. 1; Doc. 58, p. 17, ¶ 51). The Court overruled this objection; Mr. Hill admitted in his plea agreement that various images for which he was convicted

---

*States v. Pierson*, 544 F.3d 933, 942 (11th Cir. 2008), the Court relied on information in the plea agreement. There, Mr. Hill admitted that the victim of his state crime was "a minor female." (Doc. 59, p. 11, ¶ 33). The Court also relied on information in the PSR to which Mr. Hill did not object, namely the age of the victim of the state offense. (Doc. 58, p. 22, ¶ 67; *see also* Doc. 58, p. 9, ¶ 16 (stating that Mr. Hill originally was arrested for conduct involving a child)). Finally, in the state court indictment, Mr. Hill was charged with a crime involving a child under 16 years of age. (Doc. 46-2, p. 3). Because of the victim's age, as a matter of state law, the minor victim could not consent to sexual intercourse or deviate sexual intercourse. Therefore, Mr. Hill, as a matter of law, pleaded guilty either to non-consensual sexual intercourse or non-consensual deviate sexual intercourse, either of which relates to sexual contact and sexual conduct involving a minor.

[6] When Mr. Hill was convicted under § 13A-6-65, the Alabama Legislature defined deviate sexual intercourse as "[a]ny act of sexual gratification between persons not married to each other involving the sex organs of one person and the mouth or anus of another." Ala. Code § 13A-6-60 (1) and (2) (1975). The United States Supreme Court's opinion in *Lawrence v. Texas*, 539 U.S. 558 (2003), rendered § 13A-6-65(a)(3) unconstitutional with respect to consensual sodomy, but the statute still criminalizes non-consensual sodomy.

involve prepubescent minors. (Doc. 59, pp. 9-10). Mr. Hill also objected to the two points added to his offense level for his use of a computer to facilitate the offenses and to the five points added for the number of images to which Mr. Hill pleaded guilty, (Doc. 52, pp. 1-2; Doc. 58, p. 19, ¶¶ 55, 56), and he objected to the total offense level of 43, (Doc. 52, p. 2; Doc. 58, p. 20, ¶¶ 60-64). The Court found that the offense level was properly calculated under the sentencing guidelines but that Mr. Hill's arguments could be considered with respect to a variance.

Consequently, the Court announced a guideline range of 1,320 months. After considering the parties' arguments regarding sentencing, the Court varied downward to a sentence of 840 months, consisting of 480 months as to Count One and 600 months as to Count Two, to run concurrently, and 240 months as to Count Four to run consecutive to Counts One and Two. The Court found that the sentence was sufficient to serve the purpose of a guideline life sentence but was not greater than necessary to accomplish the purposes of sentencing. The Court also found Mr. Hill's conduct sufficiently egregious to warrant an 840-month sentence. After his state-court conviction for sexual misconduct in 2007, Mr. Hill did not reform his behavior. Federal law enforcement became familiar with Mr. Hill when an undercover agent, portraying a 14-year-old girl, responded to a social media posting concerning "[y]ounger girls into older guys." (Doc. 58, p. 7, ¶ 10). Mr. Hill asked the UC, who he believed to be 14 years old, to send him nude photos. (Doc. 58, p. 8, ¶ 13).

When law enforcement agents met Mr. Hill and executed a search warrant, they found evidence of child sexual abuse material on his cellphone. (Doc. 58, p. 9, ¶ 18). Mr. Hill was the moderator of a private app for individuals to share child sexual abuse material. (Doc. 58, p. 10, ¶ 19). On his cell phone, he had 250 videos and 700 images of child sexual abuse material. (Doc. 58, p. 10, ¶ 20). Details of several of the images appear in the PSR. (Doc. 58, pp. 10-11, ¶¶ 21-32). As a consequence of this conduct, Mr. Hill received enhancements to his guideline range for offenses involving prepubescent minors, for sharing child pornography in an effort to obtain child pornography from others, for images involving sadistic or masochistic conduct, for engaging in a pattern of activity involving the sexual abuse of a minor, and for moderating a social media platform involving 45-50 individuals sharing child sexual abuse material. (Doc. 58, pp. 17-18, ¶¶ 51-54, 58). Based on Mr. Hill's pattern of soliciting young girls for his sexual gratification and his role as moderator of a social media platform on which he facilitated the distribution of child sex abuse material to dozens of viewers, the Court finds that a sentence of 840 months is sufficient but not greater than necessary to punish Mr. Hill for his conduct and to protect the public from future criminal conduct.[7]

---

[7] In addition to a period of incarceration, the Court imposed statutory fines, restitution, various assessments, and a supervised release term of life.

**DONE** and **ORDERED** this September 4, 2024.

**MADELINE HUGHES HAIKALA**
UNITED STATES DISTRICT JUDGE